```
 1  MARY KATE SULLIVAN (State Bar No. 180203)
    Email: mks@severson.com
 2  M. ELIZABETH HOLT (State Bar No. 263206)
    Email: meh@severson.com
 3  SEVERSON & WERSON
    A Professional Corporation
 4  One Embarcadero Center, Suite 2600
    San Francisco, CA  94111
 5  Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
 6
    Attorneys for Defendant
 7  SUNTRUST MORTGAGE, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLAUDE & PAMELA BENNETT,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SUNTRUST MORTGAGE, INC.,<br><br>　　　　Defendant. | Case No. 5-10-cv-03375 JF<br><br>**SUNTRUST MORTGAGE, INC.'S NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date:　November 12, 2010<br>Time:　　　　　9:00 AM<br>Courtroom:　　3, 5th Floor<br>Judge:　　　　Hon. Jeremy Fogel<br><br>Complaint Date:　August 2, 2010<br>Trial Date:　　　None Set |

　　　On September 13, 2010, defendant SunTrust Mortgage, Inc. ("SunTrust") filed a motion to dismiss the complaint filed by Claude and Pamela Bennett (the "Bennetts"). The motion is noticed for hearing on November 12, 2010, at 9:00 a.m.

　　　Civil Local Rule 7-3 provides, in pertinent part, that "Any opposition to a motion must be served and filed not less than 21 days before the hearing date." Civil L.R. 7-3(a). In this case, the deadline for the Bennetts' opposition to SunTrust's motion to dismiss was October 22, 2010. No such opposition, however, has been filed or served. Nor have the Bennetts requested an extension of time in which to do so.

　　　The Ninth Circuit allows district courts to construe such non-opposition as consent to the granting of the motion to dismiss. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam);

*see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (affirming *Ghazali*'s applicability to Rule 12(b) motions). The fact that the Bennetts are *pro se* is no cause for leniency. *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (treating *pro se* litigants in the civil context no more favorably than parties with attorneys of record and refusing to require trial court to intervene even when a party's failure to oppose a motion would be fatal). Here, as in *Ghazali* and *Martinez*, the Court should construe the Bennetts' failure to oppose as an expression of their consent to the granting of SunTrust's motion to dismiss.

Moreover, the Court has previously observed with respect to this complaint that "Plaintiffs' specific factual allegations are insufficient to enable it to evaluate the merits of Plaintiffs' claims. Although the complaint is thirty-three pages in length, virtually none of the allegations describe the details of Plaintiffs' loan or Defendants' alleged actions with respect to the loan transaction." Order of August 3, 2010, at 1. Although the Court made a note of the complaint's deficiencies nearly three months ago, the Bennetts have not attempted to amend their complaint. This fact, combined with the Bennetts' failure to oppose SunTrust's motion to dismiss, strongly suggests that the Bennetts have little interest in prosecuting this lawsuit. At this point, the case is merely cluttering up the Court's docket, and the Court should dismiss it outright, with prejudice.

DATED: October 26, 2010

SEVERSON & WERSON
A Professional Corporation

By: _____*/s/ M. Elizabeth Holt*_____
M. Elizabeth Holt

Attorneys for Defendant
SUNTRUST MORTGAGE, INC.

CERTIFICATE OF SERVICE
*Bennett v. SunTrust Mortgage, Inc.*

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

- **SUNTRUST MORTGAGE, INC.'S NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISMISS**

on all interested parties in said case addressed as follows:

| Claude and Pamela Bennett<br>508 Herrmann Drive<br>Monterey, CA 93940 | Telephone:<br>Facsimile:<br>Email:<br>***Plaintiffs in Pro Per*** |
|---|---|

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in San Francisco, California, on October 26, 2010.

*/s/ Sylvia Coleman*
Sylvia Coleman